UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Joshua Adam Schulte,
                    Plaintiff,

-v-

Bureau of Prisons and all acting wardens of the Metropolitan Detention Center, November 2021 - February 2024,
                    Defendants.

RECEIVED IN PRO SE OFFICE
JAN 11 2024

New Civil Rights Complaint

Plaintiff Joshua Adam Schulte alleges as follows:

## I. NATURE OF ACTION

1. Defendants, the Federal Bureau of Prisons ("BOP"), and individual wardens, unknown, owe a duty to its inmates to ensure their First Amendment right to practice their religion is not impeded, as required by the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq. The Defendants wholly abandoned this duty and are therefore liable in their individual capacities.

2

## II. JURISDICTION AND VENUE

2. This is a civil action seeking monetary relief for the violation of RFRA. As the Second Circuit determined in Tanvir v. Tanzin, 894 F.3d 449 (2d Cir. 2018), rehearing en banc denied, 915 F.3d 898 (2d Cir. 2019), and later affirmed by the Supreme Court in Tanzin v. Tanvir, 141 S.Ct. 486 (2020), a person whose exercise of religion has been unlawfully burdened may "obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). A "government" is defined to be "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States." § 2000bb-2(1). Hence, Mr. Schulte seeks monetary damages from the BOP and all wardens of the MDC from November 2021 to February 2024 in their individual capacities consistent with the RFRA and established Supreme Court precedent.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), 1402(b), as the events giving rise to this action occurred at the MDC in Brooklyn, New York, located within the Eastern District of New York.

## III. PARTIES

4. Plaintiff, Joshua Adam Schulte, was detained in unit K-84 at the MDC from October 2021 to present, after the Metropolitan Correctional Center was shuttered.

5. Defendants include the United States Federal BOP as well as all acting wardens at MDC from November 2021 to February 2024, in their individual capacities.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Mr. Schulte has exhausted all available administrative remedies continuously since November 2021. He initiated the grievance procedure every 6 months or if a new warden or acting warden was assigned to MDC. Due to Mr. Schulte's SAMs designation, MDC staff regularly blocked Mr. Schulte from the necessary forms or otherwise engaged in bad-faith to block all his efforts to complete exhaustion. Accordingly, Mr. Schulte has exhausted all available administrative remedies pursuant to Ross v. Blake, 578 U.S. 632, 642 (2016), and this civil action is ripe to proceed.

## V. STATEMENT OF FACTS

7. On or about October 2021, the BOP moved Mr. Schulte from the shuttered MCC and placed him in the MDC's most restrictive housing unit, K-84, pursuant to the Department of Justice's Special Administrative Measures ("SAMs") designation. This designation was never imposed with proper due process required by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995) and Wilkinson v. Austin, 545 U.S. 209 (2005).

8. The conditions of confinement imposed against Mr. Schulte were worse than those in Sandin, Wilkinson, and any other convicted person in the entire United States — worse even than those imposed on death row inmates around the country — even worse than conditions declared unconstitutional by numerous courts of appeal.

9. One of these arbitrarily imposed conditions was the ban of practicing Islam; particularly, the ban of informing K-84 inmates the time or allowing prayer on Fridays.

10. The Jumu'ah Friday prayers in congregation are required in Islam pursuant to Surah 62-Al-Jumu'ah of the Quran. All Muslims must congregate on Fridays for the Dhuhr noon prayer.

11. The 5 daily prayers are even more sacred to Islam — and one of the 5 pillars of Islam — without which a person cannot be a Muslim. The 5 prayers must be prayed at specific times each day: Fajr before dawn, Dhuhr at noon, Asr as the sun begins to set, Maghrib as the sun sets, and Isha before bed. The 5 prayers must be prayed at these designated times only and is required.

12. The Plaintiff is a Muslim and was guaranteed to practice his religion in accordance with the First Amendment and RFRA.

13. The Plaintiff directly notified the warden of these faith requirements in November 2021 — directly in person — and through the BP-8 administrative remedy system. The warden informed Mr. Schulte that the SAMs come first before religion, and so he cannot attend Friday prayers or know the time during the day.

14. BP-8s, 9s, and other remedies were denied for similar reasons: torture comes first before religion.

15. Mr. Schulte regularly brought up these issues directly to staff including executive staff and the warden each and every time they made rounds, which occurred at least once per month until Acting Warden Raphael Ramos stopped conducting K-84 rounds in July 2023.

16. In addition to in-person requests, Mr. Schulte filed BP-8s every 6 months or whenever a new warden arrived at MDC from November 2021 to present and attempted to exhaust all remedies with various success, but never able to file central office BP-11s and rarely progressing beyond the "informal" BP-8s due to BOP machinations.

17. The MDC initiated a change after one of Mr. Schulte's BP-8s in the fall of 2023 and provided Mr. Schulte with a clock on the window flap of his torture cage. Mr. Schulte explained to Unit Manager Bullock that the clock was not sufficient because it did not provide a mechanism for waking up before dawn — particularly since the 24/7 torture lights largely prevented outside light from making a difference in those torture cages where outside light was even visible. Accordingly, Mr. Schulte still could not pray the Fajr prayer on time as required by Islam.

18. MDC did not resolve the issue.

19. Mr. Schulte was able to pray on time at the MCC because the MCC offered Muslims watches with alarms in the commissary; this item was banned arbitrarily for SAMs inmates at MDC.

20. The BOP and all wardens violated the RFRA by preventing Mr. Schulte from attending Friday congregation prayer or purchasing a watch with an alarm to pray the 5 daily prayers on time as is required for any Muslim to practice Islam in accordance with the First Amendment Freedom of Religion.

# VI. CAUSES OF ACTION

21. Mr. Schulte hereby realleges and incorporates by reference paragraphs 1-20 for each cause.

22. Mr. Schulte is entitled to damages under the RFRA, 42 U.S.C. § 2000bb-1(c), consistent with the Act's provision that a person whose exercise of religion has been unlawfully burdened may "obtain appropriate relief against a government."

## FIRST CAUSE OF ACTION

23. Damages for the BOP's violation of the RFRA.

24. Despite notifications to the warden, regional office, and other BOP staff, the BOP continued to violate Mr. Schulte's free exercise of religion.

25. Specifically, the BOP denied Mr. Schulte Friday congregation prayers and the ability to pray the 5 Daily Islamic Prayers on time, from November 2021 to present.

## SECOND CAUSE OF ACTION et al.

26. Damages for each individual warden's violation of the RFRA.

27. Since Mr. Schulte sought remedy for each new warden, multiple times, the subsequent violation of each individual warden constitutes a new cause of action; Mr. Schulte both filed grievances and spoke with each new warden at least once, but was refused his First Amendment right.

28. Specifically, each warden of MDC denied Mr. Schulte Friday congregation prayers and the ability to pray the 5 Daily Islamic Prayers on time, from November 2021 to present.

## VIII. PRAYER FOR RELIEF

29. Award Mr. Schulte damages for violation of the RFRA by Defendants.

30. Award Mr. Schulte costs, fees, expenses, and other disbursements associated with the prosecution of this complaint, and reasonable attorney fees, pursuant to 28 U.S.C. § 2412.

31. Award such other relief that this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## IX. CONSENT TO PROCEED BEFORE MAGISTRATE

32. Plaintiff consents pursuant to 28 U.S.C. § 636(c) to have a magistrate judge preside over the trial.

Dated: Brooklyn, New York
       November 30, 2023

Respectfully submitted,

Joshua Adam Schulte, pro se

hulte #74471054
ox 329002
n, NY 11232

ATTN: New Civil Rights Complaint
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, NY 11201