```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
                                                    MEMORANDUM & ORDER
                                                    22-CV-766(EK),
                                                    22-CV-5841(EK)(RML),
                                                    23-CV-4855(EK),
 In Re: Joshua Adam Schulte                         23-CV-5988(EK),
 Metropolitan Detention Center                      23-CV-5241(EK)(RML),
 Litigation                                         23-CV-5656(EK)(RML),
                                                    23-CV-8513(EK)(RML),
                                                    24-CV-00332(EK)(RML)



----------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Petitioner Joshua Adam Schulte is an inmate in the custody of the Bureau of Prisons. He is presently at the U.S. Penitentiary in Florence, Colorado. Schulte was convicted (in three trials) of espionage and related charges and child pornography charges. He is serving a sentence of 480 months' incarceration. Judgment 3, *United States v. Schulte*, 17-CR-548 (S.D.N.Y. February 5, 2024), ECF No. 1124.

Before his recent transfer to the Florence facility, Schulte was detained at the Metropolitan Detention Center in this district. Schulte attempted to challenge conditions of his confinement through the MDC's administrative grievance process — some 100 times. After the BOP declined to consider these grievances on the merits, Schulte petitioned under 28 U.S.C. § 2241 for injunctions against certain conditions of his

confinement at the MDC, where he was subject to Special Administrative Measures ("SAMs") and assigned to a restricted housing unit. I held an evidentiary hearing on Schulte's Section 2241 claims on September 5, 2023. As explained below, because Schulte is no longer confined in this district, Schulte's petitions are now moot.

Schulte has also filed numerous complaints, acting *pro se* and *in forma pauperis*, asserting Federal Tort Claims Act, *Bivens*, and Religious Freedom Restoration Act ("RFRA") claims for money damages and a Section 1983 claim for injunctive relief.[1] *See* 28 U.S.C. § 1346(b); 42 U.S.C. § 1983; 42 U.S.C. § 2000bb, *et seq.*; *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). For the reasons set out below, these claims are all dismissed under 28 U.S.C. § 1915(e)(2)(B).

## I. Background

At the MDC, Schulte was in a restrictive unit called "K-84." According to its manager, this unit "houses inmates that pose an unusually high risk to institutional security." Bullock Decl. ¶ 4, ECF No. 30-1. Schulte was designated to K-84 because he was subject to SAMs. Under 28 C.F.R. § 501.2(a), the Attorney General may instruct the BOP to implement SAMs "to

---

[1] Defendants for the FTCA and *Bivens* claims are David Denton, Jr. Michael Lockard, Sean Collins, Catherine Hijbie, Vincent Lai, the United States of America, and unknown others. In the RFRA action, the defendants are the BOP and the Warden of the MDC. Finally, the defendant in the Section 1983 action is also the Warden of the MDC.

prevent disclosure of classified information." Schulte's SAMs have been premised on this authority.

Schulte contends that the defendants subjected him to unconstitutional, or otherwise unlawful, conditions of confinement in K-84. *See* Schulte Mem. 19–22, ECF No. 50-1.[2] Moreover, he contends that his efforts to challenge these conditions administratively were in vain. *See* Sept. 5, 2023 Hr'g Tr. ("Tr.") 18:19–19:15, ECF No. 34; *see also* Pl.'s Ex. 4 (rejected grievance form). For example, at the hearing on his 2241 claims, Schulte testified that the BOP rejected some of his grievance forms because the transfers from the top page to the carbon copies below were too faint — and rejected others because he tried to manually darken the carbon copies. *Id.* at 19:5–15.

Schulte has initiated three actions under Section 2241. *Schulte v. Warden*, No. 22-CV-766, alleges that he was being deprived of sleep, starved, shackled arbitrarily, exposed to extreme cold, and denied a litany of conveniences, such as a chair or a toilet seat. Schulte is represented by counsel only in this action. *Schulte v. Ma'at*, No. 23-CV-4855, challenges Schulte's restricted access to the MDC commissary. And *Schulte v. Warden*, No. 23-CV-5988, challenges the MDC's handling of Schulte's mail.

---

[2] Unless otherwise specified, all citations are to filings in Case No. 22-766.

3

Schulte has also filed several other cases, in which he remains *pro se*. He has invoked the Federal Tort Claims Act, *Bivens*, RFRA, and Section 1983 in *Schulte v. United States*, No. 22-CV-5841; *Schulte v. Warden*, No. 23-CV-5241; *Schulte v. Denton*, 23-CV-5656; *Schulte v. United States*, No. 23-CV-8513; and *Schulte v. United States Federal BOP*, 24-CV-332.[3]

## II.  Discussion

### A.  Section 2241 Petitions

According to Schulte, following the hearing and the Court's inquiries on his 2241 claims, the MDC began abating certain issues in Schulte's petitions. *See* Schulte Decl. ¶¶ 65–66, ECF No. 50-2. For example, in response to Schulte's concern that he was being deprived of sleep because MDC personnel regularly slammed a metal slot in his cell door during nightly rounds, the MDC "replaced the rubber padding for each occupied cell's door slot in K-84," to "create a sound-dampening effect." *See* Maffeo Decl. ¶¶ 4–5, ECF No. 50-6.

As to any deficiencies in Schulte's conditions of confinement at the MDC not remedied before his transfer to the Florence facility, Schulte's Section 2241 petitions are now moot because of his departure from the MDC. *See Thompson v.*

---

[3] Schulte has also invoked Fed R. Crim P. 41(g) in *Schulte v. Denton*, 23-cv-5656. The purported Rule 41(g) claim in *Denton* is indistinguishable from the claim dismissed in *Schulte v. United States*, No. 22-CV-5841, 2023 WL 3688106 (E.D.N.Y. May 25, 2023), which this Court will not revisit.

4

*Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).  The petitions are accordingly denied.

B.   **Federal Tort Claims Act Claims**

Schulte's claims under the FTCA are not moot, given that Schulte seeks financial remuneration.  A prison transfer "does not moot an action for damages" brought "against the transferring facility."  *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996).  Schulte seeks damages for his conditions of confinement, as well as for torts allegedly committed during a search of his cell.

These claims are denied, with leave to replead, because Schulte has not pleaded proper presentment.  Unlike the administrative exhaustion requirement for the Prison Litigation Reform Act ("PLRA") that this Court has waived, as discussed below, the presentment requirement for FTCA claims is "jurisdictional and cannot be waived."  *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Under the principle of sovereign immunity, "the United States may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  When the government does consent to suit, it can place conditions and limitations on that consent, which must be strictly observed.  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).  Effectively, the conditions and

5

limitations constitute a retention of sovereign immunity. *See Adeleke v. U.S.* 355 F.3d 144, 154 (2d Cir. 2004) (describing retained sovereign immunity).

In the FTCA, the government conditioned its limited waiver of immunity on the prerequisite that "the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). After presentment, a plaintiff may not sue until the claim is "finally denied by the agency," either "in writing" or by "failure . . . to make [a] final disposition . . . within six months after [the claim was] filed." *Id.* "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements," including exhaustion. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

A claim "that does not set forth a specific demand for damages in a sum certain does not adequately 'present' a claim" under the FTCA. *Manchanda v. Lewis*, No. 21-1088-CV, 2021 WL 5986877, at *3 (2d Cir. Dec. 17, 2021) (citing *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)); *see Collins v. United States*, 996 F.3d 102, 105 (2d Cir. 2021).

Schulte has not adequately pleaded presentment. He alleges in one of his FTCA complaints (but not the other) that he has "filed numerous separate Federal Tort Claims Act ('FTCA') notices." *See* Compl. 2, ECF No. 1 (23-CV-8513). He has not

6

filed those forms with this court.[4]  Even crediting this allegation and assuming Schulte filed these forms with the relevant agencies, Schulte has not pleaded that he demanded a sum certain for each of his claims.

Furthermore, even assuming Schulte had properly presented his claims, he has also not pleaded that those claims were "finally denied by the agency," either "in writing" or by "failure . . . to make [a] final disposition . . . within six months after [the claim was] filed."  28 U.S.C. § 2675(a).  Schulte's submission contains no allegation that any of his claims was denied in writing, nor of when he filed his FTCA notices.  "[T]he Supreme Court has made clear that prematurely-filed FTCA claims should be dismissed without prejudice . . . ."  *Manchanda*, 2021 WL 5986877, at *5 n.3 (citing *McNeil v. United States*, 508 U.S. 106, 111–13 (1993)).  Schulte must accordingly plead that his FTCA claims were not filed prematurely.

Because Schulte has not adequately alleged presentment and final denial, he has not met his burden to overcome sovereign immunity.  *See Agent Orange*, 818 F.2d at 214.  Consequently, the FTCA claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because they "seek[] monetary relief against a defendant who is immune from such relief."  *Bantis v.*

---

[4] The Court reviewed the dockets of all of the above-captioned cases for any such forms, or descriptions of their contents and filing dates, but found none.

*Gov't USA*, No. 23-CV-2492, 2023 WL 3977367, at *2 (S.D.N.Y. June 12, 2023).

### C. Other Claims

Schulte has also asserted *Bivens* and RFRA claims for money damages based on security measures that were taken in the K-84 SAMs unit, and impediments on his ability to pray in accordance with his Muslim faith, respectively. Additionally, he brings a Section 1983 claim for injunctive relief. These claims are subject to the PLRA's administrative exhaustion requirement. See *Macias v. Zenk*, 495 F.3d 37, 40 (2d Cir. 2007) (citing 42 U.S.C. § 1997e(a)). Unlike the FTCA's presentment requirement, the PLRA's requirement of administrative exhaustion "is not jurisdictional," and thus a district court may "dismiss plainly meritless claims without first addressing" PLRA exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 101 (2006). Schulte's *Bivens,* RFRA, and Section 1983 claims are, for the reasons discussed below, "plainly meritless" and are dismissed.

1. *Bivens* Claims

Schulte asserts multiple *Bivens* claims based on security measures in the MDC's K-84 unit, including: confiscation of a government laptop; preventing Schulte from access to the time of day to facilitate timely prayer; and the same conditions of confinement that he objects to above.

8

The Supreme Court has expressly held that "a *Bivens* cause of action may not lie where, as here, national security is at issue." *Egbert v. Boule*, 596 U.S. 482, 494 (2022). That rule forecloses Schulte's claims, all of which challenge efforts to preserve national defense information in a SAMs Unit.

2. RFRA Claims

Schulte brings RFRA claims, alleging that his confinement in the K-84 unit meant that he could not participate in Jumua'ah Friday prayers in congregation and could not observe the morning daily prayer because he lacked an alarm clock. *See* Compl., ECF No. 1 (24-cv-332).

The federal government has not waived its sovereign immunity under RFRA. *Commack Self-Serv. Kosher Meats Inc. v. New York*, 954 F. Supp. 65 (E.D.N.Y. 1997); *Johnson v. Killian*, No. 07-cv-6641, 2013 WL 103166, at *3 (S.D.N.Y. Jan. 9, 2013); *Sossamon v. Texas*, 563 U.S. 277, 286-88 (2011) (interpreting language identical to RFRA in the Religious Land Use and Institutionalized Persons Act). Therefore, Schulte's RFRA claims must be dismissed.

3. Section 1983 Claim

Schulte seeks an injunction under 42 U.S.C. § 1983 ordering the warden of the MDC to return a book allegedly confiscated from Schulte's mail. This relief is unavailable because the federal government is not subject to 42 U.S.C. §

9

1983. *E.g.*, *Richardson v. McKnight*, 521 U.S. 399, 403 (1997). Even if Schulte's *pro se* complaint is construed liberally as a Section 2241 claim seeking to enjoin a condition of confinement at the MDC, *see, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), such a claim is moot for the reasons discussed above.[5]

### D. Conditions of Confinement in Colorado

Schulte filed a letter dated July 24, 2024 stating that his conditions of confinement at USP Florence are preventing him from litigating his cases. *See* Ltr., ECF No. 8 (23-cv-5656); Ltr., ECF No. 12 (23-cv-8513).[6] Specifically, Schulte writes that a) all mail sent to him, including from prosecutors and judges, must be approved by the FBI and BOP; and b) he has been banned from accessing the BOP's law library, his grievances regarding library access have been denied, and thus he cannot obtain legal information or court addresses to file for habeas relief. *Id*.

This Court is the incorrect forum for any claim regarding conditions of confinement in Colorado. "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical

---

[5] I have considered Schulte's other arguments, none of which is fully developed, and found them to be without merit.

[6] These letters are identical. Shulte filed the letters on two dockets: 23-cv-5656 and 23-cv-8513.

10

confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). The address for the Clerk of Court at the District of Colorado is: United States District Court, attn: Clerk of the Court, 901 19th Street, Room A105, Denver, CO 80294-3589.

Finally, Schulte requests *pro bono* counsel. *See* Mot. to Appoint Counsel, ECF No. 7 (23-cv-5656); Ltr., ECF No. 8 (23-cv-5656); Ltr., ECF No. 12 (23-cv-8513). This request is denied, as all of his claims in this district are dismissed.

### III. Conclusion

Schulte's petitions for writs of habeas corpus are denied. All other claims in the above-captioned cases are dismissed under 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to close all of the above-captioned cases.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 4, 2024
         Brooklyn, New York

11